UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 03-278-KKC

JOSEPH DAVID ADKINS, ET AL., PLAINTIFFS,

V.

**MEMORANDUM OPINION AND ORDER**

AMERICAN STANDARD, INC., DEFENDANT.

In accord with the undersigned's prior order dated March 21, 2006 [Record No. 63], counsel have timely submitted their separate letters regarding a dispute as to Defendant's administration of the parties' settlement of this case. Resolution of that issue has necessitated another extension of counsels' deadline by which to submit a Final Agreed Order of Dismissal of this case to Judge Caldwell and counsel have agreed to the most recent deadline set forth in this Order.

Counsel advised of that disagreement in an informal telephone conference with the undersigned conducted on March 21, 2006. [Id.] The specific issue presented, as summarized in the order memorializing that telephone conference, is in regard to Defendant's decision to make reimbursement payments to eligible Plaintiffs on a quarterly basis for their payments for Medicare Part B coverage, while requiring some, if not all, of those same Plaintiffs to make monthly payments in the same amount to Defendant for their family coverage health

insurance benefits. Plaintiffs requested that they be allowed to make those health insurance premium payments on a quarterly basis, rather than monthly, because they live on fixed disability incomes and quarterly reimbursements by Defendant would have income tax consequences for them. Defendants's counsel advised that adopting a quarterly payment schedule for those Plaintiffs' health insurance premiums to Defendant's Third Party Administrator would create an "unreasonable administrative burden" for Defendant.

Accordingly, said order directed counsel, by informal correspondence with the undersigned which counsel agreed would not be filed of record, to explain their respective positions on this issue. [Id.] As agreed, Defendant would submit the first letter, providing "in appropriate factual detail" the basis on which Defendant asserted that the payment plan that Plaintiffs requested would create such an "unreasonable" administrative burden. Counsel for Plaintiff was granted an opportunity to submit a letter in response.

Defense counsel submitted his letter on behalf of Defendant on March 24, 2006, and counsel for Plaintiff submitted his response on March 27, 2006. By joint letter dated April 14, 2006, transmitted by facsimile on that same date, counsel requested an expedited decision on the matter by virtue of the June 15, 2006 deadline by which the affected Plaintiffs must apply for Medicare Part B.

As counsel for Defendant notes in his March 24, 2006, letter, a crucial aspect of the parties' settlement agreement was giving Defendant appropriate "administrative flexibility" in carrying out that settlement. According to that letter, as counsel and the parties

subsequently worked out the difficult, complicated details of the settlement, Defendant made significant concessions to Plaintiffs on virtually every major and minor administrative issue. Therefore, Defendant contends that yielding to Plaintiffs' latest proposal regarding quarterly payments for certain Plaintiffs' health insurance, so as to correspond with Defendant's plan to make quarterly reimbursements for Medicare benefits, would essentially "gut" the concept of "administrative flexibility" that the parties agreed upon when the settlement was reached in this case.

However, and as noted by the letter in response from Plaintiffs' counsel, defense counsel's letter fails to provide any facts showing the Court how and why the proposal of Plaintiffs' counsel for quarterly payments and reimbursements to the applicable Plaintiffs, who number something less than the total of thirty-eight (38) Plaintiffs in this case, would present "an unreasonable administrative burden" for Defendant. While, as Defendant's counsel states in his letter, the parties' settlement agreement has and does create a significant administrative burden for Defendant, the quarterly payment/reimbursement proposal from Plaintiffs does not, in the total scheme of settlement administration, convert that burden to an "unreasonable" one. Instead, defense counsel's letter focuses on those Plaintiffs' alleged ability to make monthly premium payments, rather than presenting facts showing that quarterly payments, even for the sixteen (16) years required for the youngest of those Plaintiffs, would be more difficult administratively than monthly payments. Therefore, Defendant shall be ordered to permit the Plaintiffs to whom this issue applies to pay their

health insurance premiums on a quarterly basis, just as Defendant will be reimbursing those Plaintiffs for their Medicare Part B payments on a quarterly basis.

Some additional comments are in order. It appears to the undersigned, from the sequence of events recounted in defense counsel's letter, that this dispute actually occurred because Defendant reached a point, in the long, difficult process of working out the details of the settlement, where it simply lost patience with Plaintiffs and their counsel making what Defendant believed to be yet another unreasonable request to which Defendant was expected to concede. While Defendant's frustration is understandable, that does not justify making its counsel bring the issue to the Court for resolution.

A significant omission from Defendant's letter, although specifically directed by the March 21, 2006, order to include it, is any attempt to explain why the parties could not resolve the issue without the Court's involvement. Therefore, it must be assumed that there is no such explanation. Nevertheless, Defendant will not be, although it most certainly could be, assessed with the costs of Plaintiffs' counsel and the Court in resolving this matter.

With apologies for not making a more prompt decision, which intervening, unexpected personal problems prevented,[1] and the Court being otherwise sufficiently

---

[1] On April 5, 2006, the undersigned was advised that mammograms taken locally that date showed conditions such that a biopsy of the left breast, from which cancer was excised surgically in October, 2003, was necessary to determine if the cancer had recurred. With a recurrence, there is an 80% chance of metastasis, for which there is no viable treatment. The biopsy was done locally on April 10, 2006, and further testing was conducted locally for the bulk of that week. The undersigned spent the week of April 17-22, 2006, at Johns Hopkins Hospital in Baltimore, MD, where the prior surgery and treatment was conducted, having extensive testing. All tests were essentially negative for a recurrence and the undersigned returned to work on April 24, 2005.

advised,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The parties having requested that the Court resolve a disagreement between them as to Defendant's administration of their settlement agreement, Defendant is hereby directed to permit those Plaintiffs to whom this Order applies to make necessary family coverage health insurance premium payments on a quarterly, rather than a monthly, basis to Defendant's Third Party Administrator, with Defendant to reimburse applicable Plaintiffs on a quarterly basis for their per month cost for Medicare Part B benefits, upon a finding that Defendant failed to sustain its burden of showing that such quarterly premium payments, as opposed to monthly premium payments, would create an "unreasonable administrative burden" for Defendant.

(2) By agreement of counsel, their time to submit their Agreed Order of Dismissal to Judge Caldwell is extended to MAY 26, 2006. Counsel may informally request an extension of such time by contacting one of the undersigned's law clerks and any reasonable request will be granted.

(3) In addition to regular service by mail, a copy of this order shall be transmitted forthwith by facsimile to all counsel of record who will not receive an electronic copy of same.

Signed April 26, 2006.




**Signed By:**
***Peggy E. Patterson*** PEP
**United States Magistrate Judge**

Date of Entry and Service: